IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,105-02






EX PARTE ALEJANDRO CARBAJAL GARZA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-07-11915 IN THE 79TH JUDICIAL DISTRICT COURT


FROM JIM WELLS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment without possibility of parole. The Fourth Court of Appeals
affirmed his conviction. Garza v. State, No. 04-07-00446-CR (Tex. App. - San Antonio, February
25, 2009, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to convey a plea offer to Applicant before trial. The trial prosecutor has submitted an
affidavit stating that he made a plea offer to Applicant's counsel one or two days before trial, which
called for Applicant to plead guilty to the lesser charge of murder in exchange for a recommendation
of thirty to forty years' imprisonment. The prosecutor states that trial counsel declined the offer on
the spot. Applicant alleges that this offer was never communicated to him, and states that he would
have accepted such an offer had he known about it before trial.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel respond to Applicant's claim of ineffective assistance of counsel
by submitting an affidavit stating whether the prosecutor made any plea offers prior to trial, and if
so, whether counsel conveyed such offers to Applicant. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish